UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JIMMY LEE SAMPLES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:15-cv-190-HSM-SKL |
| ) | |
| WALMART and KOBRA KIOSK ) | |
| #02001560, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Before the Court is an Application to Proceed *In Forma Pauperis* ("IFP Application") [Doc. 1] filed by Plaintiff Jimmy Lee Samples ("Plaintiff").[1] Plaintiff's original pro se complaint mentions a violation of his civil rights under 42 U.S.C. § 1983 [Doc. 2]. On August 12, 2015, the Court issued an Order [Doc. 3], which addressed various deficiencies in Plaintiff's original IFP Application and complaint. In that Order, the Court granted Plaintiff 30 days, i.e., until September 11, 2015, to file an amended complaint and to submit a complete IFP application. The Court warned Plaintiff that failure to timely file a complete IFP application and an amended complaint could result in the denial of the IFP Application and/or dismissal of his case without further leave to amend. The Order was mailed to Plaintiff at the address he provided, but it was returned as undeliverable at the home address he provided. Thereafter, the Order was again

---

[1] Two prior cases filed by Plaintiff, No: 1-14-cv-21-CLC-SKL and No: 1-14-cv-221-CLC-SKL, have been dismissed by this Court due to Plaintiff's failure to state a claim and his subsequent appeal of the dismissal in case No: 1-14-cv-21-CLC-SKL has been dismissed by the United States Court of Appeals for the Sixth Circuit. The current action appears to be an attempt to avoid these prior rulings.

mailed to Plaintiff at the Bradley County jail on August 27, 2015.

On September 21, 2015, over a week after the Court's deadline for filing had passed, the Clerk's office received Plaintiff's second pro se application to proceed *in forma pauperis* and his amended complaint [Docs. 5 & 6]. A court may extend a deadline for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect includes "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Burnswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). A court should consider the following factors in determining whether there has been excusable neglect under Rule 6(b): "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2011). Plaintiff did not address his failure to meet the Court's deadline; thus he utterly failed to demonstrate excusable neglect.

Even considering the amended complaint[2] as if it were timely filed, however, does not

further Plaintiff's cause. Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sep. 25, 2008).

The Court liberally construes a pro se complaint as required. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*) (holding a pro se complaint, however inartfully pleaded, should not be dismissed for failure to state a claim if the allegations "are sufficient to call for the opportunity to offer supporting evidence"). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[2] The particulars of Plaintiff's second IFP Application need not be specifically addressed herein given that the amended complaint fails to state a claim, but the second IFP Application addresses very few of the deficiencies noted by the Court in its Order [Doc. 5]. For example, Plaintiff gives many conflicting answers in his IFP Application such as "Don't owe Any Bank" but then lists three banks with notes payable, two of which he states "unlimited" for amount of the loan and $505.00 to FSG bank "for my appeal if necessary." [Doc. 5, Page ID #44] He also lists a 10 year old loan in the amount of $1,500 on this same page and $15,000 for a "School Loan" is listed on his living expenses section [Doc. 5, Page ID # 45]. Whereas Plaintiff listed no stocks and bonds in his previous IFP Application, his most recent lists C.D.s under the Stocks and Bonds section with a question mark for the value [Doc. 5, Page ID # 42]. In addition, in the handwritten Section III B added by Plaintiff to his second IFP Application Plaintiff demands "$20,000.00 + Bob Leveinson $1,000,000 Reward" of which he would donate $500,000 back to the FBI or Tower. Would like a job." Plaintiff then lists Walmart stating that "75,000 will compromize [sic] settle. Would like a lifetime job. $37,000" (may read $137,000) [Doc. 5, Page ID # 39]. Plaintiff again mentions Mr. Leveinson on page 5 of his second IFP Application in the Debts Owed To You section stating Walmart – "life time job" and $75,000.00 owed to him; (info) Cobra Kiosk (Reward F.B.I.) (Bob Leveinson), $1,000,000.00, safe return and information on meth clean up," and "Bradley County Sheriffs Dept.–Job??!!!-Let's make a deal 40,000.00" and lists a total debt owed to him of $1,135,000.00 [Doc. 5 Page ID # 43].

When determining whether a complaint is frivolous or fails to state a claim, the Court bears in mind that the pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In Plaintiff's original complaint, Plaintiff alleged two individuals grabbed him as he was leaving Walmart, took him to security, and accused him of stealing okra [Doc. 2 at Page ID # 15]. Plaintiff alleges that he denied he was stealing, but he was banned from Walmart for life anyway and his name was slandered across "the datta [sic] base" [*id.*]. In the Court's previous Order [Doc. 3], the undersigned stated Plaintiff's complaint contained no allegation that either Walmart or Kobra Kiosk #02001560[3] was acting under color of state law or that their actions may be fairly attributable to the state. Plaintiff was given an opportunity to file an amended complaint to cure these deficiencies in his complaint and to attempt to state a legal claim upon which relief could be granted.

Plaintiff amended complaint [Doc. 6] inexplicably only mentions Walmart in passing, the only reference being: "On all my cases with the bradley [sic] county Judicial Complex # Case 1-14-cv-21-CLC-SKL and No: 1-14-cv-221-CLC-SKL. Have been found to be mixed up with

---

[3] It is unclear what "Kobra Kiosk #02001560" is and whether Plaintiff intended to make it a party to his suit. Although Plaintiff included it in the caption of his original complaint [Doc. 2 at Page ID # 12], he did not list it in section III(B) of the original complaint, which requests information on the parties [Doc. 2 at Page ID # 14]. Plaintiff does add a handwritten Section III(B) to his second IFP Application which refers to Cobra Kiosk [Doc. 5, Page ID # 39].

4

Walmart Lawsuite [sic]." [Doc. 6, Page ID # 50]. Plaintiff does briefly refer to the Cobra Kiosk, I.D. 02001560 in his amended complaint, but mainly focuses on his prior cases and the circumstances under which they were dismissed and that he would be filing an appeal "do [sic] to improper counselling and Judging from federal system and Judges. Statues [sic] of Limitations was not up." [Doc. 5, Page ID #50]. Plaintiff also states that he was locked up on a domestic charge so he could not "finish out" the 1-14-cv-21 and 1-14-cv-221 cases.

Throughout his amended complaint, Plaintiff refers to his two previously dismissed cases, allegations of assault, allegations of being used as a "fall guy and informant with no paycheck," and that he has been "used as a Drug Lord that could not be indicted" [Doc. 6, Page ID # 51]. Rather than cure the deficiencies of his original complaint, Plaintiff's amended complaint [Doc. 6] further muddies the waters by only briefly mentioning the defendants and by making seemingly nonsensical claims as to the Cleveland City Police, judicial complex, and Sheriff's office.

Even construing Plaintiff's complaint liberally, as the Court must, it does not state a legal claim upon which relief can be granted, nor does it state facts which would support a federal claim. To state a general claim under 42 U.S.C. § 1983, a plaintiff must "demonstrate that a person acting under color of state law 'deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (alteration in original) (citing *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). "The principal inquiry in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment is whether the party's actions may be 'fairly attributable to the state.'" *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff's amended complaint does not contain any allegation that either Walmart or Kobra Kiosk #02001560 was acting under color of state law

5

or that their actions may be fairly attributable to the state and does not state any cause of action under 42 U.S.C. § 1983. Plaintiff's amended complaint simply fails to set forth facts which might be liberally construed to support a federal claim against Defendants.

Accordingly, I **RECOMMEND**[4] that Plaintiff's amended complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and that this action be **DISMISSED** in its entirety.

                                                  s/ *Susan K. Lee*
                                                  SUSAN K. LEE
                                                  UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).